UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MARCIA GOLDBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DELOY MILLER, SCOTT M. BORUFF, DAVID J. VOYTICKY, CATHERINE A. RECTOR, DAVID M. HALL, MERRILL A. McPEAK, GERALD HANNAHS, CHARLES M. STIVERS, DON A. TURKLESON, BOB G. GOWER, JOSEPH T. LEARY, WILLIAM B. RICHARDSON, MARCEAU N. SCHLUMBERGER, PAUL W. BOYD, MLV & CO. LLC, WILLIAMS FINANCIAL GROUP, MAXIM GROUP LLC, NATIONAL SECURITIES CORPORATION, AEGIS CAPITAL CORP., NORTHLAND CAPITAL MARKETS, DOMINICK & DOMINICK, LLC, LADENBURG THALMANN & CO. INC. and I-BANKERS SECURITIES, INC.,<br><br>Defendants. | Civil Action No.:<br><br>CLASS ACTION<br><br>Removed From:<br><br>Circuit Court for Morgan County, 9th Judicial District, State of Tennessee Case No. 2015-CV-33 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1441 and 1446, defendants

MLV & Co., LLC ("MLV"), located at 1301 6th Avenue, Floor 43, New York, New York

10019; Williams Financial Group ("WFG"), located at 2711 N. Haskell Avenue, Suite 2900,

Dallas, Texas 75204; Aegis Capital Corp. ("ACC"), located at 810 7th Avenue, 18th Floor, New

York, New York 10019; Northland Capital Markets ("NCM"), located at 455 7th St., Suite 2000,

Minneapolis, Minnesota 55402; and Ladenburg Thalmann & Co. Inc., now known as Ladenburg

1

Thalmann Financial Services, Inc. ("LTC"), 570 Lexington Avenue, 11th Floor, New York, NY 10022 (collectively, the "Underwriter Defendants"), hereby remove the captioned civil action, and all claims and causes of action therein, from the Circuit Court for Morgan County, 9th Judicial District in the State of Tennessee, to the United States District Court for the Eastern District of Tennessee, Knoxville Division.[1] This action is removable pursuant to the Securities Act of 1933, as amended by the Securities Litigation Uniform Standard Act of 1998 ("SLUSA"). *See* 15 U.S.C. §§ 77v(a), 77p. Venue in this Court is proper under 28 U.S.C. § 1441(a) because this Court is the U.S. District Court for the district and division corresponding to the place where the filed state court action was pending. The grounds for removal are as follows:

**The Removed Action**

1. On or about November 9, 2015, plaintiff Marcia Goldberg filed this putative class action in the Circuit Court for Morgan County, 9th Judicial District, in the State of Tennessee, Case No. 2015-CV-33, on behalf of herself and all others who purchased preferred shares in Miller Energy Resources, Inc. ("Miller") pursuant and/or traceable to the Registration Statement and Prospectuses issued in connection with public offerings of Miller's 10.75% Series C Cumulative Preferred Stock ("Series C") on February 13, 2013, May 8, 2013, and June 28, 2013; and 10.5% Series D Fixed Rate/Floating Rate Cumulative Redeemable Preferred Stock ("Series D") on September 26, 2013, October 17, 2013, and August 21, 2014 (collectively, the "Offerings"). *See* Compl. ¶ 1.

2. The Complaint names as defendants several current and former executive officers and directors of Miller and the investment banking firms that underwrote the Offerings. Miller, which has recently sought bankruptcy protection, is not named as a defendant. *See* Compl. ¶ 2.

---

[1] By removing this matter, Defendants do not waive, and expressly preserve, any and all defenses that they may have including, but not limited to, lack of personal jurisdiction and service of process.

3. The Complaint alleges, among other things, that the Registration Statement for the Offerings contained misstatements and omissions in violation of Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o (the "Securities Act"). *See* Compl. §§ 1, 104-105, 118-120. It also alleges that the Prospectuses issued in connection with the Offerings contained misstatements and omissions in violation of Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2).

4. This Notice of Removal is being filed in the United States District Court for the Eastern District of Tennessee, Knoxville Division, within thirty days of the filing of the Summons and Complaint and is thus timely filed under 28 U.S.C. §§ 1446(a) and (b). MLV was served with the Summons and Complaint on November 23, 2015. WFG was served with the Summons and Complaint on November 23, 2015. ACC was served with the Summons and Complaint on November 24, 2015. NCM received copies of the Summons and Complaint via mail on November 20, 2015. LTC was served with the Summons and Complaint on November 23, 2015.

5. Each of the remaining corporate defendants, Maxim Group LLC ("MXG"), National Securities Corp. ("NSC"), Dominick & Dominick, LLC ("D&D"), and I-Bankers Securities, Inc. ("IBS"), has consented to removal of the Case to this Court.

6. Counsel for the Underwriter Defendants has made a good faith attempt to obtain the consent of the remaining defendants: Deloy Miller, Scott M. Boruff, David J. Voyticky, Catherine A. Rector, David M. Hall, Merrill A. McPeak, Gerald Hannahs, Charles M. Stivers, Don A. Turkleson, Bob G. Gower, Joseph T. Leary, William B. Richardson, Marceau N. Schlumberger, and Paul W. Boyd, but has not yet been able to reach these defendants or an attorney with authority to speak on these defendants' behalf. Undersigned counsel will notify

this Court promptly when consents have been obtained from all defendants properly joined and served in accordance with 28 U.S.C. § 1446(b)(2)(A).

**Securities Litigation Uniform Standards Act of 1998 ("SLUSA")**

7.  This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because it asserts claims purporting to arise under the laws of the United States, namely Sections 11, 12(a), and 15 of the Securities Act. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States," including the Securities Act. Accordingly, the Complaint in this case could have been filed in this Court in the first instance.

8.  Because this is a civil action over which this court has original jurisdiction under 28 U.S.C. § 1331, it is removable under 28 U.S.C. § 1441(a), which states: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division and embracing the place where such action in pending."

9.  Section 22(a) of the Securities Act, as amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), grants federal district courts exclusive jurisdiction over certain "covered class actions" described in Section 16 of the Securities Act. 15 U.S.C. §§ 77v(a) and 77p.

10. Section 16(f) of the Securities Act defines "covered class action" to include:

> [a]ny single lawsuit in which . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.

15 U.S.C. § 77(p)(f)(2)(A)(i)(II). "Covered security" is defined to include shares listed, or

4

authorized for listing, on the New York Stock Exchange ("NYSE"). 15 U.S.C. §§ 77p(f)(3), 77r(b)(1)(A).

11. In this case, Plaintiff is a named party seeking to recover damages on a representative basis on behalf of herself and others similarly situated, and the Complaint alleges that questions of law or fact common to the proposed class predominate over individual questions. *See* Compl. ¶¶ 97, 101.

12. The Complaint alleges that the Miller securities at issue were, at all times relevant to this action, listed on the NYSE. *See* Compl. ¶ 6. Accordingly, this is a "covered class action" involving a "covered security."

13. Under these circumstances, this action should be removed to this Court under 15 U.S.C. §§ 77v(a), 77p(c) and 28 U.S.C. §1441(a). *See In re King Pharmaceuticals, Inc.*, 230 F.R.D. 503, 504 (E.D. Tenn. 2004) (class action claims brought under the Securities Act are removable to federal court under SLUSA); *Kulinski v. Am. Elec. Power Co.*, 2003 WL24032299, at *1 (S.D. Ohio Sept. 19, 2003) (same); *see also, e.g.*, *Wunsch v. Am. Realty Capital Props.*, 2015 WL 2183035, at *1 (D. Md. Apr. 14, 2015) (same); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 423-25 (S.D.N.Y. 2009) (same); *In re Fannie Mae 2008 Secs. Lit.*, 2009 WL 4067266, at *1-2 (S.D.N.Y. Nov. 24, 2009) (same); *Pinto v. Vanage Holdings Corp.*, 2007 WL 1381746, at *1 (D.N.J. May 7, 2007) (same); *Rovner v. Vonage Holdings Corp.*, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007) (same); *Rubin v. Pixelplus Co.*, 2007 WL 778485 (E.D.N.Y. Mar. 13, 2007) (same); *Lowinger v. Johnston*, 2005 WL 2592229, at *4 (W.D.N.C. Oct. 13, 2005) (same) ; *Alkow v. TXU Corp.*, 2003 WL 21056750 (N.D. Tex. May 8, 2003) (same).

14. Plaintiff apparently contends that this case is not subject to removal because it asserts only federal law claims. *See* Compl. ¶ 3. This argument is directly contrary to the law of

5

this Court. In *King Pharmaceuticals*, this Court denied a motion to remand a class action brought under the Securities Act. 230 F.R.D. at 504. The Court noted that "[b]oth the legislative history and common sense support the removability of class actions filed in state court asserting claims exclusively under the 1933 [Securities] Act." *Id.* The present case is likewise removable.

15. Plaintiff presumably intends to rely on the language in Section 22(a) of the Securities Act that states "no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). But Section 22(a) of the Securities Act explicitly creates an exemption to this provision, allowing for the removal of "covered class actions" arising under the Securities Act. Under Section 16(c) of the Securities Act, "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)."[2] 15 U.S.C. § 77p(c).

16. The cases Plaintiff cites in her Complaint against removal are also inapposite. *See* Compl. ¶ 3. The Plaintiff cites dicta from a Supreme Court case and a Sixth Circuit case, neither of which addressed the issue whether a class action filed in state court and asserting only federal claims under the Securities Act can be removed to federal court. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 641-43 (2006) (holding non-reviewable district court orders remanding class actions *asserting state law claims* not precluded under SLUSA); *Atkinson v. Morgan Asset Mgmt., Inc.*, 658 F.3d 549, 552, 556 (6th Cir. 2011) (holding a class action *asserting state law*

---

[2] Subsection (b) of Section 16 provides: "[n]o covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b).

6

*claims* precluded under SLUSA). In addition, Plaintiff cites a Ninth Circuit case and related California state court case. *See Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1032 (9th Cir. 2008); *Luther v. Countrywide Fin. Corp.*, 195 Cal. App. 4th 789, 792 (2011). Although Defendants acknowledge that some courts outside this District have remanded certain class actions asserting claims under the Securities Act, this Court has specifically rejected that approach, favoring removal instead. *See King Pharmaceuticals* 230 F.R.D. at 504 (rejecting as unpersuasive *In re Waste Mgmt., Inc. Secs. Litig.*, 194 F. Supp. 2d 590 (S.D. Tex. 2002)).

**Procedural Requirements**

17. In accordance with 28 U.S.C. § 1446(a), Exhibit A includes file-stamped copies of all process, pleadings, and orders served upon the Underwriter Defendants in the state court action, namely the Summons, Complaint, and Requests for Production of Documents.

18. Defendants will promptly serve a copy of the Notice of Removal on Plaintiff's counsel and file with the Clerk of the Circuit Court for Morgan County, 9th Judicial District in the State of Tennessee, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

19. In accordance with Local Rule 3.1, Defendants submit herewith as Exhibit B a completed civil cover sheet on the requisite form (JS-44).

20. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

WHEREFORE, this action should proceed in the United States District Court for the Eastern District of Tennessee, Knoxville Division, as an action properly removed thereto.

DATED this 9th day of December, 2015.

                                                Respectfully submitted,

                                                s/ W. Brantley Phillips, Jr.
W. Brantley Phillips, Jr. (BPR # 018844)
Jeffrey P. Yarbro (BPR # 024207)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-7793
bphillips@bassberry.com
jyarbro@bassberry.com

Shayne R. Clinton (BPR # 026245)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, TN 37902
(865) 521-6200
sclinton@bassberry.com

*Attorneys for Defendants MLV & Co. LLC, Williams Financial Group, National Securities Corporation, Aegis Capital Corp., Northland Capital Markets, Dominick & Dominick, LLC, Ladenburg Thalmann & Co. Inc., and I-Bankers Securities, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that, on December 9, 2015, a true and correct copy of the foregoing was served upon the following parties or counsel via overnight mail:

Barrett Johnston Martin & Garrison, LLC
Douglas S. Johnston, Jr.
Jerry E. Martin
Timothy L. Miles
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

Robbins Geller Rudman & Dowd LLP
Christopher M. Wood
414 Union Street, Suite 900
Nashville, TN 37219

Robbins Geller Rudman & Dowd LLP
Samuel H. Rudman
Mary K. Blasy
58 South Service Road, Suite 200
Melville, NY 11747

Law Offices of Curtis V. Trinko, LLP
Curtis V. Trinko
William Margrabe
16 West 46th Street, 7th Floor
New York, NY 10036

*Attorneys for Plaintiff*

Scott M. Boruff
5628 Lyons View Pike
Knoxville, TN 37919

Deloy R. Miller
4549 Southwinds Dr. 4549
Miramar Beach, FL 32550

David J. Voyticky
41 Eastern Pkwy. A
Brooklyn, NY 11238

Catherine A. Rainey
1519 Pebble Shore Ln.
Knoxville, TN 37931

David M. Hall
48110 David Hall Rd.
Kenai, AK 99611

Merrill A. McPeak
123 Furnace St.
Lake Oswego, OR 97034

Gerald Hannahs
17710 Leatha Ln.
Little Rock, AR 72223

Charles M. Stivers
118 Richmond Rd.
Manchester, KY 40962

Don A. Turkleson
6311 Rodrigo St.
Houston, TX 77007

Bob G. Gower
402 Timberwilde Ln.
Houston, TX 770024

Joseph T. Leary
4035 Wembley Ter.
Dallas, TX 75220

William B. Richardson
1058 Encantado Dr.
Santa Fe, NM 87501

Marceau N. Schlumberger
18 Dante St.
Larchmont, NY 10538

Paul W. Boyd
8125 Ainsworth Dr.
Knoxville, TN 37909

*Defendants*

s/ W. Brantley Phillips, Jr.
W. Brantley Phillips, Jr.