**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | |
|---|---|
| MARCIA GOLDBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DELOY MILLER, SCOTT M. BORUFF, DAVID J. VOYTICKY, CATHERINE A. RECTOR, DAVID M. HALL, MERRILL A. McPEAK, GERALD HANNAHS, CHARLES M. STIVERS, DON A. TURKLESON, BOB G. GOWER, JOSEPH T. LEARY, WILLIAM B. RICHARDSON, MARCEAU N. SCHLUMBERGER, PAUL W. BOYD, MLV & CO. LLC, WILLIAMS FINANCIAL GROUP, MAXIM GROUP LLC, NATIONAL SECURITIES CORPORATION, AEGIS CAPITAL CORP., NORTHLAND CAPITAL MARKETS, DOMINICK & DOMINICK, LLC, LADENBURG THALMANN & CO. INC. and I-BANKERS SECURITIES, INC.,<br><br>Defendants. | Civil Action No.: 3:15-cv-00546<br><br>Varlan/Shirley<br><br>**INDIVIDUAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

WEST\268081614.1

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........ 1
ARGUMENT ........ 3
I. PLAINTIFF'S CLASS ACTION COMPLAINT ALLEGING SOLELY FEDERAL CLAIMS WAS PROPERLY REMOVED UNDER SLUSA ........ 3
A. Congress Enacted SLUSA To Prevent Litigation of Class Actions Alleging Violations of Federal Securities Law in State Courts ........ 3
B. SLUSA Amended The 1933 Act To Establish Exclusive Federal Jurisdiction For Securities Class Actions Alleging Federal Claims ........ 5
1. This Case Was Properly Removed Under 28 U.S.C. § 1441(a), Because Federal Courts Have Exclusive Jurisdiction ........ 5
2. This Case Was Properly Removed Under Section 16(c) of the 1933 Act ........ 7
II. ALL SERVED DEFENDANTS CONSENT TO REMOVAL ........ 10
CONCLUSION ........ 11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alkow v. TXU Corp.*,
2003 WL 21056750 (N.D. Tex. May 8, 2003) ....................2, 9

*Brody v. Homestore, Inc.*,
240 F.Supp.2d 1122, 1123 (C.D.Cal.2003) ....................3

*Bruer v. Jim's Concrete of Brevard, Inc.*,
538 U.S. 691 (2003)....................3

*Griffioen v. Cedar Rapids & Iowa City Ry. Co.*,
785 F.3d 1182 (8th Cir. 2015) ....................10

*In re King Pharmaceuticals, Inc.*,
230 F.R.D. 503 (E.D. Tenn. 2004)("*King Pharma*")....................1, 2, 6

*In re Regions Morgan Keegan Securities*,
2010 WL 2598242 (W.D.Tenn. June 24, 2010) ....................2

*Kircher v. Putnam Funds Trust*,
547 U.S. 633 (2006)....................9, 10

*Knox v. Agria Corp.*,
613 F. Supp. 2d 419 (S.D.N.Y. 2009).................... passim

*Kulinski v. Am. Elec. Power Co.*,
2003 WL24032299, at *1 (S.D. Ohio Sept. 19, 2003)....................2

*Lowinger v. Johnston*,
2005 WL 2592229 (W.D.N.C. Oct. 13, 2005)....................2

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*,
547 U.S. 71 (2006)....................4

*Pinto v. Vanage Holdings Corp.*,
2007 WL 1381746 (D.N.J. May 7, 2007) ....................2

*Rovner v. Vonage Holdings Corp.*,
2007 WL 446658 (D.N.J. Feb. 7, 2007) ....................6, 7

*Reiter v. Sonotone Corp.*,
442 U.S. 330 (1979)....................2, 8

*Rubin v. Pixelplus Co.*,
2007 WL 778485 (E.D.N.Y. Mar. 13,2007)....................2, 8

*Wunsch v. Am. Realty Capital Props.*,
2015 WL 2183035 (D. Md. Apr. 14, 2015) .......... 2

*Zeigler Coal Co. v. Kleppe*,
536 F.2d 398, 406 (D.C.Cir.1976) .......... 9

**STATUTES**

15 U.S.C. § 77p .......... 5

15 U.S.C. § 77p(c) .......... 6, 7

15 U.S.C. § 77p(f)(2)(A)(i)(II) .......... 6

15 U.S.C. § 77v(a) .......... passim

15 U.S.C. §§ 77z-1(a)(3) .......... 4

28 U.S.C. §1441(a) .......... passim

**OTHER AUTHORITIES**

143 Cong. Rec. S10475-01 (daily ed. Oct. 7, 1997) .......... 5

144 Cong. Rec. H10771-02 (daily ed. Oct. 13, 1998) .......... 4

144 Cong. Rec. S4778-03 (daily ed. May 13, 1998) .......... 4

1933 Act. H.R. Conf. Rep. No. 105-803, at 13 (1998) .......... 4

H.R. Conf. Rep. No. 105-803 (1998) .......... 4, 9

H.R. Rep. No. 104-369 (1995) .......... 3

H.R. Rep. No. 105-640 (1998) .......... 4

Pub. L. No. 105-353, 112 Stat. 3227 (1998) .......... 1

Individual Defendants Merrill A. McPeak, Catherine A. Rector, Deloy Miller, David M. Hall, Charles M. Stivers, Don A. Turkleson, Bob G. Gower, Joseph T. Leary and Marceau N. Schlumberger (collectively, the "**Individual Defendants**") file this brief in opposition to Plaintiff's motion to remand this action.

## INTRODUCTION

This case is a class action brought against current and former directors and officers of Miller Energy Resources, Inc. ("**Miller Energy**"), and certain underwriters who underwrote Miller Energy's secondary stock offerings in 2013 and 2014. Plaintiff alleges that the Registration Statements and Prospectus supplements for those offerings were false and misleading. Plaintiff initially filed his complaint in the Circuit Court for Morgan County, Tennessee, alleging only violations of the federal Securities Act of 1933 (the "**1933 Act**"). Plaintiff's Complaint does not allege any state law claims.

The Underwriter Defendants removed this action and its companion pursuant to 28 U.S.C. §1441(a) and the provisions of the Securities Litigation Uniform Standards Act ("**SLUSA**"), Pub. L. No. 105-353, 112 Stat. 3227 (1998). Congress enacted SLUSA for the expressly stated purpose of preventing the litigation of securities fraud class actions in state courts. The plain language, history, and purpose of SLUSA make clear that state courts have no jurisdiction over putative class actions alleging only violations of the 1933 Act, which are within the exclusive jurisdiction of the federal courts. Indeed, in the case of *In re King Pharmaceuticals, Inc.*, 230 F.R.D. 503 (E.D. Tenn. 2004)("*King Pharma*"), this Court made precisely that holding when it denied a motion to remand a class action exclusively alleging violations of the 1933 Act. The Court wrote:

> **"Both the legislative history and common sense support the removability of class actions filed in state court asserting claims exclusively under the 1933 Act."**

*King Pharma*, 230 F.R.D. at 505. Senior Judge Hull's decision in *King Pharma* is consistent with a line of decisions stretching from the early 2000s through 2015, issued

by courts in the Western District of Tennessee,[1] and at least eight other districts outside of Tennessee.[2] While Plaintiff correctly notes that a split in authority has developed over the years regarding the removability of such cases, Plaintiff is flatly wrong in stating that the position advanced by the removing parties is "outdated."

*King Pharma* is a decision by this Court that is directly on point, but Plaintiff barely acknowledges its existence, and then only in a footnote near the end of the brief. *See* Motion at p. 10, n. 11. Plaintiff does not cite a single authority within or outside this District that overrules or abrogates *King Pharma*. Instead, Plaintiff simply argues that this Court should ignore its own precedent because some recent decisions by other District Courts interpret SLUSA differently. But Judge Hull recognized the already existing split of authority between districts at the time he rendered his opinion (*id.* at 505), and concluded that the more sensible interpretation of SLUSA allows for the removability of class actions, like this one, which exclusively allege violations of the 1933 Act. *Id.*

There has been no change in the statute or decisional law in this District or Circuit to warrant this Court to ignore the precedent of *King Pharma*. Accordingly, the Individual Defendants respectfully asks the Court to deny Plaintiff's motion to remand.

## ARGUMENT

### I. PLAINTIFF'S CLASS ACTION COMPLAINT ALLEGING SOLELY FEDERAL CLAIMS WAS PROPERLY REMOVED UNDER SLUSA.

A complaint filed in a state court may be removed if the action could have originally been brought in federal court pursuant to federal-question jurisdiction. 28

---

[1] *In re Regions Morgan Keegan Securities*, 2010 WL 2598242 at *4, n. 5 (W.D.Tenn. June 24, 2010) (expressly noting that 15 U.S.C. § 77v(a) provides an "exception to th[e] no-removal rule for cases filed in state court as class actions.").

[2] *Wunsch v. Am. Realty Capital Props.*, 2015 WL 2183035, at *1 (D. Md. Apr. 14, 2015); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 423-25 (S.D.N.Y. 2009); *Pinto v. Vanage Holdings Corp.*, 2007 WL 1381746, at *1 (D.N.J. May 7, 2007); *Rubin v. Pixelplus Co.*, 2007 WL 778485 (E.D.N.Y. Mar. 13,2007) ; *Lowinger v. Johnston*, 2005 WL 2592229, at *4 (W.D.N.C. Oct. 13, 2005); *Kulinski v. Am. Elec. Power Co.*, 2003 WL24032299, at *1 (S.D. Ohio Sept. 19, 2003); *Alkow v. TXU Corp.*, 2003 WL 21056750 (N.D. Tex. May 8, 2003); *Brody v. Homestore*, 240 F.Supp.2d 1122, 1123 (C.D.Cal.2003).

U.S.C. § 1441(a). Exceptions to this rule must be "expressly provided by [an] Act of Congress," *id*., and the plaintiff has the burden of demonstrating that such an exception applies when seeking remand. *See Bruer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) ( "[W]henever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception."). SLUSA affirmatively established federal question jurisdiction for the claims asserted by Plaintiff in his complaint, and Plaintiff has not carried his burden to show the existence of an exception requiring remand.

### A. Congress Enacted SLUSA To Prevent Litigation of Class Actions Alleging Violations of Federal Securities Law in State Courts.

In 1995, Congress enacted the Private Securities Litigation Reform Act (the "**Reform Act**") to curb the "abusive practices committed in private securities litigation" including "the routine filing of lawsuits against issuers of securities and others whenever there is a significant change in an issuer's stock price, without regard to any underlying culpability of the issuer, and with only faint hope that the discovery process might lead eventually to some plausible cause of action." H.R. Rep. No. 104-369, at 41 (1995). In order to reduce the number of frivolous Rule 10b-5 lawsuits that survive motions to dismiss, the PSLRA imposed specific procedural and substantive impediments to the knee jerk filing of stock drop lawsuits. *See* 15 U.S.C. §§ 77z-1(a)(3).

The Reform Act's effect initially was limited, however, because soon after its passage wily plaintiffs' lawyers shifted their case filings to state court. See H.R. Conf. Rep. 105-803, at 14-15 (1998) ("[S]ince passage of the Reform Act, plaintiffs' lawyers have sought to circumvent the Act's provisions by exploiting differences between Federal and State laws by filing frivolous and speculative lawsuits in State court, where essentially none of the Reform Act's procedural or substantive protections against abusive suits are available.").

In response, Congress enacted SLUSA in 1998 to "correct the perceived failure of the PSLRA to curb abuses of federal securities fraud litigation arising under the 1933 Act." *Knox v. Agria Corp.*, 613 F.Supp.2d 419, 421 (S.D.N.Y. 2009). As the Supreme Court has noted, SLUSA was intended to prevent "state-court litigation of class actions involving nationally traded securities." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 82 (2006). SLUSA's legislative history clearly shows that Congress intended federal courts to have exclusive jurisdiction over covered class actions arising under the 1933 Act. H.R. Conf. Rep. No. 105-803, at 13 (1998) ("The purpose of this title is to prevent plaintiffs from seeking to evade the protections the Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court...."); H.R. Rep. No. 105-640, at 9 (1998) ("Under the legislation, class actions relating to a 'covered security' ... alleging fraud or manipulation must be maintained pursuant to the provisions of Federal securities law, in Federal court...."); 144 Cong. Rec. H10771-02, 10771 (daily ed. Oct. 13, 1998) ("The premise of this legislation is simple: lawsuits alleging violations that involve securities that are offered nationally belong in Federal court") (statement of Rep. Bliley); 144 Cong. Rec. S4778-03, 4797 (daily ed. May 13, 1998) (statement of Sen. Feinstein) ("[T]he legislation would provide for the shifting of securities lawsuits filed in a state court to into the more appropriate federal court."); 143 Cong. Rec. S10475-01, 10475 (daily ed. Oct. 7, 1997) (statement of Sen. Gramm) ("[I]n the case of class-action suits ... if a stock is traded on the national market ... then the class-action suit has to be filed in Federal court.").

### B. SLUSA Amended The 1933 Act To Establish Exclusive Federal Jurisdiction For Securities Class Actions Alleging Federal Claims.

SLUSA accomplished the goal of preventing plaintiffs from circumventing the protections of the Reform Act in part by amending two provisions of Section 22(a) of the 1933 Act: (1) its jurisdiction provision, and (2) its anti-removal provision.

### 1. **This Case Was Properly Removed Under 28 U.S.C. § 1441(a), Because Federal Courts Have Exclusive Jurisdiction.**

First, SLUSA amended the concurrent jurisdiction provision of Section 22(a) of the 1933 Act to expressly divest "covered class actions" from the jurisdiction of state courts. The jurisdiction provision of Section 22(a), as amended by SLUSA, now provides that covered class actions are excepted from concurrent state court jurisdiction:

> The district courts of the United States ... shall have jurisdiction of offenses and violations under [the 1933 Act] and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in [15 U.S.C. § 77p] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by [the Securities Act].

15 U.S.C. § 77v(a) (amendment emphasized). "Thus, under the plain language of [Section 22(a)], there exists exclusive federal jurisdiction over claims which (i) are brought to enforce the rights and liabilities created by the Securities Act; and (ii) are covered class actions."[3] *Rovner v. Vonage Holdings Corp.*, No. 07-178, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007).

Because federal courts have exclusive jurisdiction over covered class actions arising under the 1933 Act, such actions are properly removable under 28 U.S.C. § 1441(a). Section 22(a)'s anti-removal provision applies only to cases "brought in any State court of competent jurisdiction" 15 U.S.C. § 77v(a) (emphasis added) -- a term referring to courts with subject-matter jurisdiction. *See Knox*, 613 F. Supp. 2d at 423 ("The term 'court of competent jurisdiction' is used in many statutes and normally refers to a court with subject matter jurisdiction."). Since SLUSA eliminated the concurrent

---

[3] A "covered class action" is defined as:

> [A]ny single lawsuit in which ... one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.

15 U.S.C. § 77p(f)(2)(A)(i)(II). By that definition, there is no dispute that the instant lawsuit is a "covered class action."

jurisdiction of state courts over "covered class actions" arising under the 1933 Act, the Morgan County Court is not a "court of competent jurisdiction" for these class actions. In short, because Section 22(a)'s anti-removal provision applies only to cases that have been properly filed in state court in the first place (*see* 15 U.S.C. § 77v(a)),[4] it does not prohibit the removal of "covered class actions" that arise under the 1933 Act.

This Court sensibly held in *King Pharma* that a class action asserting exclusively 1933 Act claims, like this case, is subject to the exclusive jurisdiction of the federal courts, and may not be remanded. *King Pharma*, 230 F.R.D. at 504 ("SLUSA amended § 77v(a) to divest state courts of concurrent jurisdiction over covered class actions and to provide for removal of these cases to federal court."). This Court's interpretation of the effect of SLUSA has been confirmed by numerous other district courts. *See Rovner*, 2007 WL 446658, at *3 ("under the plain language of section 77v(a), there exists exclusive federal jurisdiction over claims which (i) are brought to enforce the rights and liabilities created by the Securities Act, and (ii) are covered class action."); *Knox*, 613 F. Supp. 2d at 425 (the SLUSA amendment to the jurisdictional provision of Section 22(a) "exempts covered class actions raising 1933 Act claims from concurrent jurisdiction. . . . federal courts alone have jurisdiction to hear them.") (denying motion to remand where only federal claims pled); *see also*, cases listed at footnote 2, *infra*.

### 2. This Case Was Properly Removed Under Section 16(c) of the 1933 Act.

SLUSA also amended the anti-removal provision of Section 22(a) of the 1933 Act, to specifically permit the removal of class actions that, prior to the amendment, could not be removed. The removal provision now reads, in relevant part: "***Except as provided in [15 U.S.C. §] 77p(c)***, no case arising under [the 1933 Act] and brought in

[4] ("[E]xcept as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.") (emphasis added),

any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (exception emphasized).

Under Section 77p(c) (i.e., Section 16(c) of the 1933 Act), the following cases are now removable: "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." 15 U.S.C. § 77p(c). Subsection (b), which is referenced in that provision, states: "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security."

This Court need not even address whether removal is permitted under Section 16(c) of the 1933 Act, because Section 22(a) provides an independent basis for removal under the general federal question statute. *See Knox*, 613 F. Supp. 2d at 423 ("Because this Court holds that no state court has subject matter jurisdiction over covered class actions raising 1933 Act claims, it need not address the scope of the exception to the anti-removal provision."). Nevertheless, if the Court is inclined to reach this issue, the Court should find that the amended Section 16(c) of the 1933 Act permits removal of class actions alleging exclusively federal claims.

Plaintiff argues that Section 16(c) permits removal only of covered class actions "based upon the statutory or common law of any State," (Motion at 8). But that interpretation runs in direct conflict to SLUSA's amendment to the jurisdictional portions of Section 22, which as noted above establishes exclusive federal jurisdiction for covered class actions asserting 1933 Act claims. While Section 22(a) previously barred removal of cases "arising under" the 1933 Act, SLUSA amended that provision to

provide an exception to the anti-removal bar, for those cases "as provided in [S]ection [16(c)]." For this exception from the removal bar to have any purpose, it must apply to some set of cases that actually arise under the 1933 Act -- that is, federal claims. Under Plaintiff's view, only state-law claims -- which do not "arise under" the 1933 Act -- would be removable.

If this were the case, then SLUSA's amendment to Section 22(a)'s removal bar would have no effect. Logically, this cannot be what Congress intended when enacting SLUSA, and numerous courts have reached that common sense conclusion. *See, e.g., Rubin*, 2007 WL 778485, at *4 ("[S]uch a reading of this subsection would not make any sense in light of the language of 15 U.S.C. § 77v(a), which plainly provides for the exercise of jurisdiction by federal courts and the removal of actions brought "under this subchapter," namely, the Securities Act."); *Alkow*, 2003 WL 21056750, at *1 ("If [Section 16(c)] applies only to state law claims ..., then no claims arising under the 1933 Act would be removable, and the exception language in [Section 22(a)] would be meaningless. To accept the Alkows' argument, therefore, would require the court to ignore the language Congress chose, which this court cannot do."); *Brody*, 240 F. Supp. 2d at 1124 ("[T]o interpret [Sections 16(b)-(c)] in the manner suggested by Plaintiff would render the amendment to [Section 22(a)] meaningless.").

Plaintiff's interpretation also is expressly contrary to SLUSA's purpose and legislative history. As noted above, SLUSA was intended to make federal court the "exclusive venue" for 1933 Act claims in order to subject them to the Reform Act. H.R. Conf. Rep. No. 105-803, at 13 (1998). Plaintiff's interpretation, however, would make it impossible for SLUSA to accomplish this objective for the simple reason that plaintiffs could do exactly what the plaintiff here is trying to do: file a 1933 Act case in state court to avoid the Reform Act. When interpreting a statute, courts are required to "give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331 (1979). A basic rule of statutory construction is that "a statute

should not be construed in such a was as to render certain provisions superfluous or insignificant." *Zeigler Coal Co. v. Kleppe*, 536 F.2d 398, 406 (D.C.Cir.1976).

The case on which plaintiff places heavy reliance, *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 642-43 (2006), is not controlling because it concerned the remand of a class action asserting state law claims, not federal law. Indeed, Plaintiff essentially acknowledges that the provisions of *Kircher* he cites is *dicta*. Motion at p. 8, n. 8. That decision addressed whether an order remanding a state-law case removed under Section 16(c) is appealable. *See Kircher*, 547 U.S. at 635-36. *Kircher's* statements as to the scope of Section 16(c) are accordingly only about Section 16(c)'s effect on state law actions. But the present case asserts claims arising under federal law; and in this case 28 U.S.C. § 1441(a) provides the basis for removal, not Section 16(c). The key point here is that Section 22(a)'s removal bar does not apply because the Circuit Court of Morgan County does not have jurisdiction over such actions. The underlying claims at issue in *Kircher* arose only under state law, so Section 1441(a) was never at issue. 547 U.S. at 637.

## II. ALL SERVED DEFENDANTS CONSENT TO REMOVAL.

All defendants who have been properly served joined or consented to removal. *See* Dkt. 1 (Notice of Removal by Defendants MLV & Co. LLC, Williams Financial Group, Aegis Capital Corp., Northland Capital Markets, and Ladenburg Thalmann & Co. Inc., n/k/a Ladenburg Thalmann Financial Services, Inc., and noting the consent of the other Underwriter Defendants); Dkt. 28 (Notice of Joinder in Removal by Defendants Maxim Group LLC, National Securities Corporation, Dominick & Dominick LLC, n/k/a Dominick & Dickerman LLC, and I-Bankers Securities, Inc., and noting the consent of Scott Boruff, Bob G. Gower, David M. Hall, Joseph T. Leary, Merrill A. McPeak, Deloy Miller, Catherine A. Rector, Marceau N. Schlumberger, and Don A. Turkleson); Dkt. 34 (Notice of Consent to Removal by MLV & Co. LLC for Paul W. Boyd and William B. Richardson); Dkt. 35 (Notice confirming the consent of Scott M.

Boruff); Dkt. 39 (Notice confirming the consent of Bob G. Gower, David M. Hall, Joseph T. Leary, Merrill A. McPeak, Deloy Miller, Catherine A. Rector, Marceau N. Schlumberger, and Don A. Turkleson).

The Individual Defendants were served on a number of different dates, including several who were served only after Plaintiff filed this motion to remand (defendant Leary on January 14, 2016 and defendants Miller and Turkleson on January 28, 2016), and two defendants still have not been served at all (defendants Voyticky and Hannahs). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." This provision has no timing requirement. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) ("The 2011 amendments to § 1446 that codified the rule of unanimity did not describe the form of or time frame for consent when multiple defendants are involved."). Given that several defendants have only been served in recent days, and two remain unserved, there is no merit to Plaintiff's argument that the defendants' unanimous consent to removal was "untimely."

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that the Court deny Plaintiff's Motion to Remand this case to the Circuit Court for Morgan County, Tennessee.

DATED: January 29, 2016

**DLA PIPER LLP (US)**

/s/ Robert D. Weber
Robert D. Weber (admitted *pro hac vice*)
Perrie M. Weiner (admitted *pro hac vice*)
2000 Avenue of the Stars, Fourth Floor
Los Angeles, CA 90067
Telephone: (310) 595-3000

Stephen A. Marcum (#7019)
**MARCUM & PETROFF PC**
3 Courthouse Square
P. O. Box 240
Huntsville, TN 37756
Telephone: (423) 663-2321

*Attorneys for Defendants Deloy Miller, Catherine A. Rector, David M. Hall, Merrill A. McPeak, Don A. Turkleson, Bob G. Gower, Charles M. Stivers, Joseph T. Leary, and Marceau N. Schlumberger*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All others below will also be served by depositing a copy thereof in the United States mail, first-class, postage prepaid:

Barrett Johnston Martin & Garrison, LLC
Douglas S. Johnston, Jr.
Jerry E. Martin
Timothy L. Miles
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

Robbins Geller Rudman & Dowd LLP
Christopher M. Wood
414 Union Street, Suite 900
Nashville, TN 37219

Robbins Geller Rudman & Dowd LLP
Samuel H. Rudman
Mary K. Blasy
58 South Service Road, Suite 200
Melville, NY 11747

Law Offices of Curtis V. Trinko, LLP
Curtis V. Trinko
William Margrabe
16 West 46th Street, 7th Floor
New York, NY 10036

*Attorneys for Plaintiff*

Stephen A. Marcum
Marcum & Petroff
Three Courthouse Square
P.O. Box 240
Huntsville, Tennessee 37756

*Attorney for Defendants Deloy R. Miller, David M. Hall, Catherine A. Rector, Merrill A. McPeak, Don A. Turkleson, Bob G. Gower, Joseph T. Leary, and Marceau N. Schlumberger*

Lawrence P. Leibowitz
Leibowitz Law Firm, PLLC
608 South Gay Street
Suite 200
Knoxville, TN 37902-1637

*Attorney for Defendant Scott M. Boruff*

Gerald Hannahs
17710 Leatha Ln.
Little Rock, AR 72223

William B. Richardson
1058 Encantado Dr.
Santa Fe, NM 87501

Paul W. Boyd
8125 Ainsworth Dr.
Knoxville, TN 37909

*Defendants*

Dated this the 29th day of January, 2016.

s/ Robert D. Weber
*Attorney for Defendants Deloy Miller, Catherine A. Rector, David M. Hall, Merrill A. McPeak, Don A. Turkleson, Bob G. Gower, Charles M. Stivers, Joseph T. Leary, and Marceau N. Schlumberger*