**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | |
|---|---|
| MARCIA GOLDBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DELOY MILLER, SCOTT M. BORUFF, DAVID J. VOYTICKY, CATHERINE A. RECTOR, DAVID M. HALL, MERRILL A. McPEAK, GERALD HANNAHS, CHARLES M. STIVERS, DON A. TURKLESON, BOB G. GOWER, JOSEPH T. LEARY, WILLIAM B. RICHARDSON, MARCEAU N. SCHLUMBERGER, PAUL W. BOYD, MLV & CO. LLC, WILLIAMS FINANCIAL GROUP, MAXIM GROUP LLC, NATIONAL SECURITIES CORPORATION, AEGIS CAPITAL CORP., NORTHLAND CAPITAL MARKETS, DOMINICK & DOMINICK, LLC, LADENBURG THALMANN & CO. INC. and I-BANKERS SECURITIES, INC.,<br><br>Defendants. | Case No. 3:15-cv-00546-TAV-CCS<br><br>CLASS ACTION |

**MEMORANDUM OF LAW OF UNDERWRITER DEFENDANTS IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

INTRODUCTION .......... 1

BACKGROUND .......... 2

ARGUMENT .......... 3

I. THE RULE OF UNANIMITY HAS BEEN SATISFIED. .......... 3

II. CLASS ACTIONS ASSERTING ONLY 1933 ACT CLAIMS ARE REMOVABLE UNDER SLUSA. .......... 5

A. The History of the PSLRA and SLUSA. .......... 5

B. The Plain Language of the 1933 Act Does Not Exempt from Removal Class Actions Alleging Only Federal Claims Under the Securities Act. .......... 8

1. Section 22(a) Provides Federal Courts Exclusive Jurisdiction over Securities Class Actions. .......... 8

2. The Removal Provision in the 1933 Act Confirms This Court's Jurisdiction. .......... 10

3. Any Ambiguity Is Resolved by SLUSA's Legislative History, Which Supports Removal. .......... 14

CONCLUSION .......... 17

## TABLE OF AUTHORITIES

### CASES

*Alkow v. TXU Corp.*, 2003 WL 21056750 (N.D. Tex. May 8, 2003) ..... 11, 13

*Atkinson v. Morgan Asset Mgmt., Inc.*, 658 F.3d 459 (6th Cir. 2011) ..... 11

*Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) ..... 5

*Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122 (C.D. Cal. 2003) ..... 11, 15, 16

*Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004) ..... 8

*Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182 (8th Cir. 2015) ..... 4

*In re King Pharm., Inc.*, 230 F.R.D. 503 (E.D. Tenn. 2004) ..... 2, 8, 13, 14

*Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006) ..... 12, 13

*Knox v. Agria Corp.*, 613 F. Supp. 2d 419 (S.D.N.Y. 2009) ..... 1, 9, 13

*Kramer v. Fed. Nat'l Mortg. Ass'n (In re Fannie Mae 2008 Sec. Litig.)*, 2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009) ..... 13

*Kulinski v. Am. Elec. Power Co.*, 2003 WL 24032299 (S.D. Ohio Sept. 19, 2003) ..... 13

*Lapin v. Facebook, Inc.*, 2012 WL 3647409 (N.D. Cal. Aug. 23, 2012) ..... 13

*Lewis v. Almeida*, 2014 WL 2718899 (E.D. Tenn. June 16, 2014) ..... 4, 5

*Loftis v. UPS*, 342 F.3d 509 (6th Cir. 2003) ..... 4

*Lowinger v. Johnston*, 2005 WL 2592229 (W.D.N.C. Oct. 13, 2005) ..... 11, 13

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006) ..... 6, 14

*Northumberland Cty. Ret. Sys. v. GMX Res., Inc.*, 810 F. Supp. 2d 1282 (W.D. Okla. 2011) ..... 9, 11, 13

*Pinto v. Vonage Holdings Corp.*, 2007 WL 1381746 (D.N.J. May 7, 2007) ..... 13

*Rovner v. Vonage Holdings Corp.*, 2007 WL 446658 (D.N.J. Feb. 7, 2007) ..... 9, 14

*Rubin v. Pixelplus Co.*, 2007 WL 778485 (E.D.N.Y. Mar. 13, 2007) ..... *passim*

*Wunsch v. Am. Realty Capital Props.*, 2015 WL 2183035 (D. Md. Apr. 14, 2015) ..... 13

## OTHER AUTHORITIES

15 U.S.C. § 77p ........................................................................................................6, 8

15 U.S.C. § 77p(b) ...............................................................................................7, 11, 12

15 U.S.C. § 77p(c) ............................................................................................... 7, 10, 12

15 U.S.C. § 77p(f)(2)(A)(i)(II) .................................................................................................7

15 U.S.C. § 77v(a) ............................................................................................... *passim*

15 U.S.C. § 77z-1(a)(1)..........................................................................................................6

15 U.S.C. § 77z-1(a)(2)(A)(iv) .................................................................................................3

15 U.S.C. § 77z-1(b)(1) ..........................................................................................................3

28 U.S.C. § 1331 ....................................................................................................................2

28 U.S.C. § 1441(a) ...........................................................................................................2, 5

28 U.S.C. § 1446(b)(2)(C) ......................................................................................................4

143 Cong. Rec. 21,355 (1997) ..............................................................................................16

144 Cong. Rec. 16,432 (1998) ..............................................................................................16

144 Cong. Rec. 16,437 (1998) ..............................................................................................16

144 Cong. Rec. 26,537 (1998) ..............................................................................................16

H.R. Rep. No. 105-640 (1998)..............................................................................................15

H.R. Rep. No. 105-803 (1998) (Conf. Rep.)....................................................................15, 16

S. Rep. No. 105-182 (1998) ............................................................................................15, 16

Defendants MLV & Co. LLC, Williams Financial Group, Maxim Group LLC, National Securities Corporation, Aegis Capital Corp., Northland Capital Markets, Dominick & Dominick, LLC, n/k/a Dominick & Dickerman LLC, Ladenburg Thalmann & Co. Inc., n/k/a Ladenburg Thalmann Financial Services, Inc., and I-Bankers Securities, Inc. (collectively, the "Underwriter Defendants") respectfully submit this memorandum of law in opposition to plaintiff Marcia Goldberg's motion to remand this case to state court.

## INTRODUCTION

Ms. Goldberg's complaint alleges class action claims premised exclusively on federal securities law. At one time, such claims could have been brought in either state or federal court. But no more. In order to stem abuses Congress observed in the bringing of securities class actions, Congress enacted the Private Securities Litigation Reform Act ("PSLRA"), which implemented a number of safeguards designed to deter frivolous litigation. When plaintiffs began to circumvent these safeguards by bringing actions in state court, Congress acted again—passing the Securities Litigation Uniform Standards Act ("SLUSA") in 1998. SLUSA now provides, *inter alia*, for exclusive federal jurisdiction over securities class actions, and allows for the removal of securities class actions filed in state court.

Plaintiff contends that SLUSA's removal provision applies only to state law securities claims. Plaintiff's argument rests on a twisted interpretation of SLUSA that would run counter to the plain language of the statute and contravene its very purpose. Under Plaintiff's illogical theory, a case involving only federal claims would be litigated in state court while a case involving state law claims would be litigated in federal court. This result would not only be "bizarre," *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 423 (S.D.N.Y. 2009), and "absurd," *Rubin v. Pixelplus Co.*, 2007 WL 778485, at *5 (E.D.N.Y. Mar. 13, 2007), but it also would be

directly contrary to the law of this Court, which has held that "[b]oth the legislative history and common sense support the removabil[i]ty of class actions filed in state court asserting claims exclusively under the 1933 Act." *In re King Pharm., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) (emphasis added). Plaintiff's Motion should be denied.

## **BACKGROUND**

Ms. Goldberg filed this putative class action in the Circuit Court for Morgan County, Tennessee on November 9, 2015, on behalf of herself and all others who purchased preferred shares in Miller Energy Resources, Inc. ("Miller") pursuant and/or traceable to the Registration Statement and Prospectuses issued in connection with a series of public offerings of the company's preferred stock in 2013 and 2014. *See* Compl. ¶ 1. Although the Complaint was initially filed in state court, it does not assert a single claim under state law. Its claims are exclusively federal, arising under Sections 11, 12, and 15 of the Securities Act of 1933.

Claims arising under federal law are ordinarily within the original jurisdiction of the United States District Courts, 28 U.S.C. § 1331, and therefore removable under 28 U.S.C. § 1441(a). Accordingly, on December 9, 2015, defendants MLV & Co. LLC, Williams Financial Group, Aegis Capital Corp., Northland Capital Markets, and Ladenburg Thalmann & Co. Inc., n/k/a Ladenburg Thalmann Financial Services, Inc., timely removed this action to the United States District Court for the Eastern District of Tennessee. That notice of removal included the consent of the other Underwriter Defendants, although most of them had not yet been served. Those Underwriter Defendants subsequently joined in the Notice of Removal on January 8, 2016, by which point each of them had been served. The remaining defendants—all individuals, several of whom remain unrepresented by counsel—have consented in writing to removal, aside from David J. Voyticky and Gerald Hannahs, who have not yet been served.

On January 8, 2016, Plaintiff moved to remand this action to Tennessee state court. By doing so, Plaintiff seeks to avoid the requirements of the PSLRA, 15 U.S.C. § 77z-1 *et seq.*, which apply to securities class actions in federal court. For example, the PSLRA would require Ms. Goldberg initially to set forth all of her transactions "in the security that is the subject of the complaint during the class period specified in the complaint," which she has not yet done. *See* 15 U.S.C. § 77z-1(a)(2)(A)(iv). The PSLRA further includes a number of procedural safeguards designed to deter frivolous litigation, including a stay on discovery pending resolution of a motion to dismiss. *See* 15 U.S.C. § 77z-1(b)(1). Proceeding in Tennessee state court could allow Ms. Goldberg to evade these requirements altogether. For this very reason, SLUSA not only permits, but in fact compels, removal of this action to federal court.

## ARGUMENT

### I. THE RULE OF UNANIMITY HAS BEEN SATISFIED.

As a threshold matter, Plaintiff's claim that Defendants have not met "the rule of unanimity"—requiring that all defendants who have been properly served consent to removal—is simply wrong. All defendants who have been properly served have in fact either joined in, or consented to, removal. *See* Dkt. 1 (Notice of Removal by Defendants MLV & Co. LLC, Williams Financial Group, Aegis Capital Corp., Northland Capital Markets, and Ladenburg Thalmann & Co. Inc., n/k/a Ladenburg Thalmann Financial Services, Inc., and noting the consent of the other Underwriter Defendants); Dkt. 28 (Notice of Joinder in Removal by Defendants Maxim Group LLC, National Securities Corporation, Dominick & Dominick LLC, n/k/a Dominick & Dickerman LLC, and I-Bankers Securities, Inc., and noting the consent of Scott Boruff, Bob G. Gower, David M. Hall, Joseph T. Leary, Merrill A. McPeak, Deloy Miller, Catherine A. Rector, Marceau N. Schlumberger, and Don A. Turkleson); Dkt. 34 (Notice confirming the consent of Paul W. Boyd and William B. Richardson); Dkt. 35 (Notice

confirming the consent of Scott M. Boruff); Dkt. 39 (Notice confirming the consent of Bob G. Gower, David M. Hall, Joseph T. Leary, Merrill A. McPeak, Charles M. Stivers, Deloy Miller, Catherine A. Rector, Marceau N. Schlumberger, and Don A. Turkleson).[1]

Plaintiff cites outdated law in the Sixth Circuit to argue that a defendant's consent is untimely if filed more than 30 days after that defendant's receipt of summons. *See* Pl.'s Br. at 5 (citing *Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003)). As this Court is aware, however, the federal removal statute was subsequently amended in 2011 to add 28 U.S.C. § 1446(b)(2)(C), which states: "If defendants are served at different times, and a later-served defendant files a notice of removal, <u>any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.</u>" *Id.* (emphasis added); *see Lewis v. Almeida*, 2014 WL 2718899, at *2 (E.D. Tenn. June 16, 2014) (Varlan, C.J.) (quoting 28 U.S.C. § 1446(b)(2)(C)). This provision has no timing requirement. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) ("The 2011 amendments to § 1446 that codified the rule of unanimity did not describe the form of or time frame for consent when multiple defendants are involved."). And, indeed, considering the number of defendants here, several of whom remain unrepresented, and the fact that at least two of the defendants have not yet been served, consent can hardly be considered "untimely" in this case. The so-called "rule of unanimity" has been satisfied.

Furthermore, Plaintiff has not claimed, and cannot credibly claim, any prejudice by the timing of the Defendants' consents. The initial notice of removal stated that all corporate defendants consented to removal, Dkt. 1, ¶ 5, and that counsel for the Underwriter Defendants was working in good faith to obtain the consent of all remaining defendants, *id.* ¶ 6. Now that all

---

[1] Defendants David J. Voyticky and Gerald Hannahs have not been served. *See* Dkt. 36; Dkt. 39.

the necessary consents have been obtained, there is no basis for remand. *See Lewis*, 2014 WL 2718899, at *3 (finding, in similar circumstances, that "[t]o the extent plaintiffs argue that several of the defendants' consents to removal were untimely filed, the Court does not find this to be adequate grounds to remand the case, as plaintiffs have neither claimed nor presented any evidence of prejudice.").

## II. CLASS ACTIONS ASSERTING ONLY 1933 ACT CLAIMS ARE REMOVABLE UNDER SLUSA.

Plaintiff does not dispute that her complaint asserts claims arising solely under federal law that would ordinarily be removable under 28 U.S.C. § 1441(a) (authorizing removal of state court actions asserting federal claims, "[e]xcept as otherwise expressly provided by Act of Congress"). "[W]henever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception." *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003). Plaintiff cannot satisfy that burden here. Far from expressly disallowing removal of class actions asserting only federal claims, SLUSA creates exclusive federal jurisdiction over such actions and requires removal in this case.

### A. The History of the PSLRA and SLUSA.

The question presented here is whether the Securities Act of 1933 "expressly provide[s]" that class actions asserting only federal claims under the Act are not removable. Under the 1933 Act as originally enacted, the answer would have been yes. The original 1933 Act provided for concurrent state and federal court jurisdiction over private causes of action brought under the Act. *See* 15 U.S.C. § 77v(a) (1933), Pub. L. No. 73-22, § 22(a), 48 Stat. 74, 86 ("The district courts of the United States . . . shall have jurisdiction of offenses and violations under this title . . . and, concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this title."). The original 1933 Act further specified

that "[n]o case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." *Id.*

Both of these provisions were amended, however, as part of SLUSA in 1998. By way of background, SLUSA came close on the heels of the enactment of the PSLRA in 1995, which was enacted to curb "perceived abuses of the class-action vehicle in litigation involving nationally traded securities." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006). The PSLRA's reforms included a number of protective provisions, such as providing a "safe harbor" for forward-looking statements, imposing new restrictions on the selection of lead plaintiffs, and authorizing stays of discovery pending motions to dismiss. *Id.* Although these reforms deterred frivolous litigation, they also "prompted at least some members of the plaintiffs' bar to avoid the federal forum altogether." *Id.* at 82. Because the PSLRA applies only to actions pending in federal court, 15 U.S.C. § 77z-1(a)(1), many plaintiffs' lawyers began bringing securities class actions in state court, *Dabit*, 547 U.S. at 82.

"To stem this 'shif[t] from Federal to State courts' and 'prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of' the Reform Act, Congress enacted SLUSA." *Id.* (citation omitted) (quoting SLUSA, Pub. L. No. 105-353, § 2(2), (5), 112 Stat. 3227 (1998)). SLUSA revised both the jurisdictional and removal provisions of Section 22(a) of the Securities Act. The jurisdictional provision of Section 22(a) now provides:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this title and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, <u>except as provided in section 16 [15 U.S.C. § 77p] with respect to covered class actions</u>, of all suits in equity and actions at law brought to enforce any liability or duty created by this title.

15 U.S.C. § 77v(a) (2012) (emphasis added). The removal provision, meanwhile, now provides:

> Except as provided in section 16(c) [15 U.S.C. § 77p(c)], no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

*Id.* These provisions changed the prior statutory landscape, where there had been concurrent jurisdiction and no removal. "Thus, by its very terms, section 77v(a) now supports the existence of a category of cases 'arising under' the Securities Act that may be removed to federal court." *Rubin*, 2007 WL 778485, at *3.

The scope of these changes is defined with reference to portions of Section 16 of the Securities Act as amended by SLUSA. Section 16(b) defines a class of "covered class actions" that are preempted by federal law and must be dismissed under SLUSA:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b). Section 16(c), meanwhile, defines a broader class of cases that can be removed under SLUSA:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).[2]

[2] The term "covered class action" is defined in Section 16(f) to include: "[a]ny single lawsuit in which . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members." 15 U.S.C. § 77p(f)(2)(A)(i)(II). Plaintiff does not contest that this case is a "covered class action" within the meaning of Section 16(f).

15 U.S.C. § 77p(c). The phrase "as set forth in subsection (b)" gives rise to the interpretative debate at issue here. Plaintiff contends that the only actions removable under Section 16(c) are covered class actions "based upon the statutory or common law of any State." Pl.'s Br. at 6. But a careful reading of all four statutory provisions at issue, as well as the legislative history behind the SLUSA amendments, demonstrates otherwise.

### B. The Plain Language of the 1933 Act Does Not Exempt from Removal Class Actions Alleging Only Federal Claims Under the Securities Act.

As an initial matter, Plaintiff's interpretation produces an absurd result, namely that complaints alleging state and federal claims must be removed to federal court, but those alleging purely federal claims may not. The better reading of the statutory language mandates for removal, providing federal courts exclusive jurisdiction over securities class actions. Moreover, even if the statutory scheme is ambiguous, the legislative history makes clear that any ambiguity must be resolved in favor of removal.

#### 1. Section 22(a) Provides Federal Courts Exclusive Jurisdiction over Securities Class Actions.

As noted above, Section 22(a)'s jurisdictional provision, as amended by SLUSA, eradicated concurrent federal and state jurisdiction over securities class actions. Section 22(a) provides that federal district courts "shall have jurisdiction . . . concurrent with State and Territorial courts, <u>except as provided in section 16 [15 U.S.C. § 77p] with respect to covered class actions,</u> of all suits in equity and actions at law brought to enforce any liability or duty <u>created by this title.</u>" 15 U.S.C § 77v(a) (emphases added). "Covered class actions" are thus excluded from the concurrent jurisdiction of the state and federal courts. And, <u>as this Court has previously held</u>, when a class action asserts federal claims "created by [the Securities Act]," as in this case, it belongs to the exclusive jurisdiction of the federal courts and <u>must be removed</u>. *In re King Pharm.*, 230 F.R.D. at 505 ("SLUSA amended § 77v(a) to divest state courts of concurrent

jurisdiction over covered class actions and to provide for removal of these cases to federal court.") (denying motion to remand where only federal claims pled); *see also Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 98 (2d Cir. 2004) ("SLUSA . . . made federal court the exclusive venue for class actions alleging fraud in the sale of certain securities[.]"). As another court explained in *Rovner v. Vonage Holdings Corp.*, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007):

> In amending the first sentence of section 77v(a), Congress replaced concurrent jurisdiction with exclusive federal jurisdiction over 'covered class actions . . . brought to enforce any liability or duty created by [the Securities Act].' Thus, under the plain language of section 77v(a), there exists exclusive federal jurisdiction over claims which (i) are brought to enforce the rights and liabilities created by the Securities Act, and (ii) are covered class action. Once the foregoing requirements are met, the case may be brought in federal court because it falls within the exception to concurrent jurisdiction set forth in section 77v(a).

*Id.* (denying motion to remand where only federal claims pled); *see also, e.g.*, *Northumberland Cty. Ret. Sys. v. GMX Res., Inc.*, 810 F. Supp. 2d 1282, 1287 (W.D. Okla. 2011) (SLUSA's amendment to Section 22(a)'s jurisdictional provision "carves out 'covered class actions'" from concurrent jurisdiction, and a contrary interpretation "reduces SLUSA's amendment of the jurisdictional provision to mere surplusage: a state law based securities class action cannot amount to a violation 'under this subchapter,'" i.e., the Securities Act) (denying motion to remand where only federal claims pled); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) ("The exception [for covered class actions] in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction. By excluding these covered class actions from concurrent state and federal jurisdiction, federal courts alone have jurisdiction to hear them.") (denying motion to remand where only federal claims pled).

Plaintiff all but ignores Section 22(a)'s jurisdictional provision in her motion to remand, citing it only once and failing to explain why it does not create exclusive federal jurisdiction over class actions asserting only federal claims under the Securities Act. For this reason alone, Plaintiff's motion should be denied.

**2. The Removal Provision in the 1933 Act Confirms This Court's Jurisdiction.**

In addition, Plaintiff is incorrect that Section 22(a)'s removal provision supports remand. To the contrary, that provision permits removal of cases asserting only federal claims under the Securities Act. Indeed, to read it any other way would create ambiguity with Section 22(a)'s jurisdictional provision.

As noted above, Section 22(a) provides that "[e]xcept as provided in section 16(c) [15 U.S.C. § 77p(c)], no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Section 16(c), in turn, states that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." 15 U.S.C. § 77p(c). Although the removal provision in Section 16(c) makes reference to Section 16(b), Section 16(b) itself "does not address removal." *Rubin*, 2007 WL 778485, at *3. Instead, it is a preemption provision; it precludes maintenance in any state or federal court of a

> covered class action based upon the statutory or common law of any State or subdivision thereof . . . by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

In her motion to remand, Plaintiff blurs together Section 16(b)'s preemption provision with Section 16(c)'s removal provision, suggesting that Section 16(c) permits removal only of covered class actions "based upon the statutory or common law of any State or subdivision thereof." *See* Pl.'s Br. at 8.[3] The plain language of the full statute undermines that interpretation. As several courts have recognized, reading Section 16(c) to limit removal to cases "based upon the statutory or common law of any State or subdivision thereof" produces an obvious tension with the jurisdictional provision of Section 22(a), which, as explained above, creates exclusive federal jurisdiction over covered class actions asserting federal claims under the Securities Act. *See, e.g.*, *Northumberland*, 810 F. Supp. 2d at 1287; *Rubin*, 2007 WL 778485, at *4; *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003) (denying motion to remand where only federal claims pled).

Contrary to Plaintiff's argument, then, the most "natural and commonsense reading of the statut[e]" treats Section 16(b) and Section 16(c) as separate. *Northumberland*, 810 F. Supp. 2d at 1287; *see Lowinger v. Johnston*, 2005 WL 2592229, at *4 (W.D.N.C. Oct. 13, 2005) ("Section 16(b) does not narrow the scope of cases removable under Section 16(c).") (denying motion to remand where only federal claims pled); *Alkow v. TXU Corp.*, 2003 WL 21056750, at *1 (N.D. Tex. May 8, 2003) ("[T]he reference in § 77p(c) to subsection (b) includes state law class actions among the cases that may be removed, but does not limit removal to just those cases.") (denying motion to remand where only federal claims pled). Although Section 16(c) uses the phrase "as set forth in subsection (b)" and notes that removed actions "shall be subject to subsection (b)," it

[3] Plaintiff cites *Atkinson v. Morgan Asset Mgmt., Inc.*, 658 F.3d 459, 552 (6th Cir. 2011), to support her argument that only class actions containing state law claims are removable. *See* Pl.'s Br. at 8. But *Atkinson* stated only that "SLUSA precludes claimants from filing" covered class actions asserting state-law claims. *Id.* It did not speak to removal.

does so merely to ensure that state-based class action claims are promptly dismissed upon removal. As the court explained in *Rubin v. Pixelplus Co.*:

> The only sense that I can make of the two references to subsection (b) in 15 U.S.C. § 77p(c) is that, when it refers to "[a]ny covered class action brought in any State court . . . as set forth in subsection (b)," *id.*, it refers to covered class actions alleging an untrue statement and the use of a "manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b). And when the provision says that the removal cause of action "shall be subject to subsection (b)," it means that, upon removal of such a cause of action described in subsection (c), the action is subject to dismissal if it is "based upon the statutory or common law of any State."

2007 WL 778485, at *3 (denying motion to remand where only federal claims pled). In other words, Section 16(c) is not limited to actions containing state-law claims; only those alleging claims of untruth.

Plaintiff places great weight on a 2006 Supreme Court case, *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), as support for her backward reading of Section 16(c). But, unlike the instant case involving purely federal securities claims, *Kircher* involved a class action asserting <u>only state law claims</u> that was <u>remanded for not satisfying the "'in connection with the purchase or sale'" requirement of Section 16(b)'s preemption provision</u>. *Id.* at 638 (quoting 15 U.S.C. § 77p(b)). It is inapposite here, and *Rubin's* interpretation of Section 16(c) is "entirely consistent with the Supreme Court's reading of section 77p(c) in *Kircher*[.]" *Rubin*, 2007 WL 778485, at *4.

Seizing on dicta, Plaintiff stretches *Kircher* to argue that Section 16(b) and Section 16(c) <u>both</u> refer only to class actions asserting state law claims, merely because the *Kircher* Court noted that a motion to remand poses a jurisdictional issue "'[o]nce removal jurisdiction under subsection (c) is understood to be restricted to precluded actions defined by subsection (b).'" *See* Pl.'s Br. at 7 (quoting *Kircher*, 547 U.S. at 643-44). The *Kircher* Court went on to describe the

proper course when a class action asserting state-law claims is removed: "If the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." *Kircher*, 547 U.S. at 644.

As Plaintiff herself admits, however, the *Kircher* Court made this statement only about class actions asserting state-law claims. *See* Pl.'s Br. at 8 n.8. The *Kircher* Court remained silent on the question whether class actions asserting only federal law claims asserting "claims of untruth, manipulation, and so on" are removable under SLUSA. 547 U.S. at 642. It also did not have occasion to consider Section 22(a), which as explained above grants exclusive federal jurisdiction to covered class actions raising federal law claims. *See Knox*, 613 F. Supp. 2d at 425 (noting that *Kircher*'s dicta "was previewing the scope of Section 16(c) removal of covered class actions raising state law claims, not the question of removal of covered class actions raising 1933 Act claims").

Contrary to Plaintiff's assertion, then, *Kircher* did not abrogate the numerous district court decisions that had previously held that covered class actions asserting only federal claims under the Securities Act are removable to federal court. *See, e.g.*, *In re King Pharm.*, 230 F.R.D. at 504; *Lowinger*, 2005 WL 2592229, at *4; *Alkow*, 2003 WL 21056750, at *1; *Kulinski v. Am. Elec. Power Co.*, 2003 WL 24032299, at *1 (S.D. Ohio Sept. 19, 2003). Indeed, many district courts after *Kircher* have continued to permit removal of class actions asserting only federal claims under the Securities Act. *See Wunsch v. Am. Realty Capital Props.*, 2015 WL 2183035 (D. Md. Apr. 14, 2015); *Lapin v. Facebook, Inc.*, 2012 WL 3647409 (N.D. Cal. Aug. 23, 2012); *Northumberland*, 810 F. Supp. 2d at 1282; *Kramer v. Fed. Nat'l Mortg. Ass'n (In re Fannie Mae 2008 Sec. Litig.)*, 2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009); *Knox*, 613 F. Supp. 2d 419; *Rubin*, 2007 WL 778485, at *1; *Pinto v. Vonage Holdings Corp.*, 2007 WL 1381746 (D.N.J.

May 7, 2007); *Rovner*, 2007 WL 446658, at *1.

Plaintiff's preferred reading of the statute would also create a redundancy in the statutory scheme: The only cases that would be removable would be cases containing claims that are preempted under Section 16(b) and thus immediately subject to dismissal. This result would effectively render Section 16(c) meaningless; "[i]f Congress had intended the references to subsection (b) [in subsection (c)] to permit the removal of only state law causes of actions, which would be subject to dismissal, it would simply have said that only such claims were removable and that they were subject to dismissal upon removal." *Rubin*, 2007 WL 778485, at *4.

### 3. Any Ambiguity Is Resolved by SLUSA's Legislative History, Which Supports Removal.

The language of the statute is clear, and provides for removal. But even in the event the Court finds the statutory language ambiguous, the legislative history of the statute provides resounding support for removal of covered class actions asserting only federal law claims under the Securities Act. As this Court recognized in *In re King Pharmaceuticals*, 230 F.R.D. at 505, "[b]oth the legislative history and common sense support the removabil[i]ty of class actions filed in state court asserting claims exclusively under the 1933 Act." *Id.*

As the court in *Rubin* noted, the "absurd" result that Plaintiff seeks here "would undermine the principal purpose of SLUSA, which was to stop 'state-court litigation of class actions involving nationally traded securities.'" 2007 WL 778485, at *5 (quoting *Dabit*, 547 U.S. at 82). The legislative history of the statute makes abundantly clear that Congress intended class actions asserting claims under the Securities Act to be litigated in federal court. The Congressional findings of SLUSA state that

> "in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, <u>it is appropriate to enact national standards for securities class action</u>

> lawsuits involving nationally traded securities."

*Brody*, 240 F. Supp. 2d at 1124 (emphasis added) (quoting SLUSA, Pub. L. No. 105-353, § 2, 112 Stat. 3227 (1998)).

Plaintiff relies on identical introductory language in three different congressional reports to argue that the sole purpose of SLUSA was "'to limit the conduct of securities class actions under State law.'" *See* Pl.'s Br. at 11 (quoting S. Rep. No. 105-182, at 1 (1998)); *id.* at 12 (quoting H.R. Rep. No. 105-640, at 1 (1998)); *id.* at 13 (quoting H.R. Rep. No. 105-803, at 1 (1998) (Conf. Rep.)). By focusing only on this shorthand introduction, however, Plaintiff ignores clear statements in these reports clarifying that Congress intended to prevent plaintiffs from filing class actions asserting Securities Act claims in state court. The House of Representatives' Commerce Committee Report, for instance, notes that SLUSA "makes Federal court the exclusive venue for most securities class action[s]." H.R. Rep. No. 105-640, at 8. It goes on to explain that the purpose of SLUSA is to create uniform standards and prevent abuse of the prior concurrent jurisdiction scheme:

> The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court. . . . [T]his legislation establishes uniform national rules for securities class action litigation involving our national capital markets. Under the legislation, class actions relating to a "covered security" . . . alleging fraud or manipulation must be maintained pursuant to the provisions of Federal securities law, in Federal court (subject to certain exceptions).

*Id.* at 8-9 (emphasis added); *see also* S. Rep. No. 105-182, at 3 (noting Congress's concern with "the dangers of maintaining differing federal and state standards of liability for nationally-traded securities").

Both senators and members of Congress echoed this intent to create exclusive federal jurisdiction over class actions under the Securities Act in their discussions of the purpose behind

SLUSA. *See, e.g.*, *Brody*, 240 F. Supp. 2d at 1124 ("'The premise of this legislation is simple: lawsuits alleging violations that involve securities that are offered nationally belong to Federal court.'") (emphasis added) (quoting 144 Cong. Rec. 26,537 (1998) (statement of Rep. Bliley); *id.* ("'The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court.'" (quoting H.R. Rep. No. 105-803, at 13 (Conf. Rep.)); 143 Cong. Rec. 21,355 (1997) (statement of Sen. Gramm) ("What [SLUSA] says is that in the case of class-action suits, and class-action suits only, if a stock is traded on the national market, if it is a national stock, then the class-action suit has to be filed in Federal court.").

Plaintiff's interpretation of SLUSA's removal provision would open up the very loophole that SLUSA sought to close—allowing class action plaintiffs to avoid the procedural requirements of the PSLRA by filing their claims in state court. *See* 144 Cong. Rec. 16,432 (1998) (statement of Rep. Eshoo) ("This is a narrowly focused bipartisan bill that closes a loophole in the 1995 [PSLRA] that allowed for, or created really, a circumvention to state courts."); 144 Cong. Rec. 16,437 (1998) (statement of Rep. Oxley) ("This legislation before us today eliminates the State court loophole by creating a set of uniform standards for class action lawsuits and eliminates a lot of these fishing expeditions that take place as a result."). Congress intended for SLUSA to be read broadly specifically to prevent attempts, like Plaintiff's here, to sidestep the PSLRA. *See* S. Rep. No. 105-182, at 8 ("[W]hile the Committee believes that it has effectively reached those actions that could be used to circumvent the reforms enacted by Congress in 1995 as part of the Private Securities Litigation Reform Act, it remains the Committee's intent that [SLUSA] be interpreted broadly[.]").

By urging this Court to remand this action, Plaintiff seeks precisely the ill that SLUSA

sought to cure: abuse of forum selection and evasion of the procedural requirements of the PSLRA. Accordingly, this case should remain in federal court.[4]

## CONCLUSION

For the foregoing reasons, the Underwriter Defendants respectfully request that this Court deny Plaintiff's Motion to Remand. Underwriter Defendants also respectfully request that the Court set an oral argument regarding the Motion to Remand at the Court's convenience.

Dated January 29, 2016

Respectfully submitted,

s/ Margaret A. Keeley
Steven M. Farina (admitted *pro hac vice*)
Margaret A. Keeley (admitted *pro hac vice*)
Amanda M. MacDonald (admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
sfarina@wc.com
mkeeley@wc.com
amacdonald@wc.com

W. Brantley Phillips, Jr. (BPR # 018844)
Jeffrey P. Yarbro (BPR # 024207)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-7793
bphillips@bassberry.com
jyarbro@bassberry.com

Shayne R. Clinton (BPR # 026245)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street

[4] Plaintiff has no credible basis to request, and the Court should also deny, her half-hearted claim for an "award of attorneys' fees." Pl.'s Br. at 13.

Knoxville, TN 37902
(865) 521-6200
sclinton@bassberry.com

*Attorneys for the Underwriter Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All others below will also be served by depositing a copy thereof in the United States mail, first-class, postage prepaid:

ROBBINS GELLER RUDMAN & DOWD LLP
Christopher M. Wood
414 Union Street, Suite 900
Nashville, TN 37219

ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Park Road
Suite 500
Boca Raton, FL 33432

ROBBINS GELLER RUDMAN & DOWD LLP
Samuel H. Rudman
Mary K. Blasy
58 South Service Road, Suite 200
Melville, NY 11747

LAW OFFICES OF CURTIS V. TRINKO, LLP
Curtis V. Trinko
William Margrabe
16 West 46th Street, 7th Floor
New York, NY 10036

BARRETT JOHNSTON MARTIN & GARRISON, LLC
Douglas S. Johnston, Jr.
Jerry E. Martin
Timothy L. Miles
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

*Attorneys for Plaintiff*

DLA PIPER LLP
Perrie M. Weiner
Robert David Weber
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067

MARCUM & PETROFF, P.C.
Stephen A. Marcum
3 Courthouse Square
P.O. Box 240
Hunstville, TN 37756

*Attorneys for Defendants Deloy R. Miller, David M. Hall, Catherine A. Rector, Merrill A. McPeak, Charles M. Stivers, Don A. Turkleson, Bob G. Gower, Joseph T. Leary, and Marceau N. Schlumberger*

LEIBOWITZ LAW FIRM, PLLC
Brandon James Tindell
Jennifer Knapp Hemmelgarn
Lawrence P. Leibowitz
608 South Gay Street
Suite 200
Knoxville, TN 37902-1637

*Attorneys for Defendant Scott M. Boruff*

William B. Richardson
1058 Encantado Dr.
Santa Fe, NM 87501

Paul W. Boyd
8125 Ainsworth Dr.
Knoxville, TN 37909

*Defendants*

s/ Margaret A. Keeley