UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH GAYNOR, *et al.*, <br>     Plaintiffs, <br> v. <br><br> DELOY MILLER, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 3:15-CV-545-TAV-CCS |
| MARCIA GOLDBERG, *et al.*, <br>     Plaintiffs, <br> v. <br> DELOY MILLER, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) | No. 3:15-CV-546-TAV-CCS |
| LEWIS COSBY, *et al.*, <br>     Plaintiffs, <br> v. <br> DELOY MILLER, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) | No. 3:16-CV-121-TAV-CCS |
| GABRIEL R. HULL, *et al.*, <br>     Plaintiffs, <br> v. <br> DELOY MILLER, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) | No. 3:16-CV-232-TAV-CCS |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral Orders of the Chief District Judge.

Now before the Court are the following Motions by case:

    1. <u>Gaynor v. Miller</u>, 3:15-cv-545. Plaintiff's Motion for Order Deeming Defendant Gerald Hannah's Served, or in the alternative, to Extend Time to Serve, and Memorandum in Support Thereof [Doc. 54]; Defendants' Motion and Incorporated Memorandum of Law in Support of Consolidation of Related Actions [Doc. 62]; and Stipulated Briefing Scheduling Regarding Underwriter

1

Defendants' Motion for Consolidation of Related Actions [Doc. 66].

2. Goldberg v. Miller, 3:15-cv-546: Plaintiff's Motion for Order Deeming Defendant Gerald Hannah's Served, or in the alternative, to Extend Time to Serve, and Memorandum in Support Thereof [Doc. 55]; Defendants' Motion and Incorporated Memorandum of Law in Support of Consolidation of Related Actions [Doc. 62]; and Stipulated Briefing Scheduling Regarding Underwriter Defendants' Motion for Consolidation of Related Action [Doc. 66].

3. Cosby v. Miller, 3:16-cv-121: Joint Motion for Scheduling Order [Doc. 11] and Motion for Appointment of Co-Lead Plaintiffs and Approval of Their Selection of Lead Counsel [Doc. 11].

4. Hull v. Miller, 3:16-cv-232: Joint Motion to Postpone Responsive Pleading Deadline [Doc. 45], Defendants' Motion and Incorporated Memorandum of Law in Support of Consolidation of Related Actions [Doc. 61], and Stipulated Briefing Scheduling Regarding Underwriters Defendants' motion for Consolidation of Related Actions [Doc. 63].

By way of background, the Court ruled these cases to be related. In two of these cases, Gaynor and Goldberg, the Plaintiffs filed Motions to Remand. The Court held the above Motions in abeyance until the Chief District Judge ruled on the Motions to Remand. The District Judge denied the Motions to Remand on September 8, 2016.

The parties appeared before the Court on October 25, 2016, for a status conference with respect to the above motions. Attorneys Stephen Astley and Al Holifield were present on behalf of the Plaintiffs in Gaynor, Goldberg, and Hull.[1] Attorneys Paul Davidson and Tera Murdock were present on behalf of Defendant KPMG, LLP. Attorneys Stephen Marcum and Robert Weber (via telephone) were present on behalf of Defendants Bob Gower, Catherine Rector, David Hall, Deloy Miller, Don Turkleson, Joseph Leaery, Marceau Schlumberger, and Merrill

---

[1] Counsel for the Cosby Plaintiffs, Attorney Gordan Ball, did not attend the hearing, and therefore, the Court did not address the Motions filed in Cosby. After the hearing, Mr. Ball's assistant reported to the Court that Attorney Ball was absent due to a serious medical emergency. Mr. Ball or the Cosby Plaintiffs shall advise the Court as to when they desire to proceed with a hearing on the motions.

2

McPeak. Attorneys Margaret Keeley and Jeffery Yarbro were present on behalf of Defendants Aegis Capital Corporation, Dominick & Dominick, LLC, I-Bankers Securities, Inc., Ladenburg Thalmann & Co., Inc., MLV & Co., LLC, Maxim Group, LLC, National Securities Corporation, Northland Capital Markets, and Williams Financial Group. Finally, Defendant Scott Boruff attended the hearing on behalf of himself.

With respect to the Motions for Order Deeming Defendant Gerald Hannah's Served that were filed in Gaynor [Doc. 54] and Goldberg [Doc. 55], Plaintiffs' counsel reported that he would work with Defendant Hannahs's attorney to attempt to resolve the issue. The Court **ORDERED** Plaintiffs' counsel to report to the Court within one week as to whether the issue had been resolved or whether the Court's involvement was necessary.[2]

With respect to consolidation, the parties agreed that Gaynor, Goldberg, and Hull should be consolidated but not Cosby. In addition, the parties agreed that Gaynor should serve as the lead case. The Court finds that Rule 42(a) of the Federal Rules permits the Court to consolidate cases that present common questions of law or fact. The Court finds that Gaynor, Goldberg, and Hull present common questions of law and fact, and the Court finds that it is appropriate to consolidate these three actions. The Court will not order consolidation as to the Cosby case.

Accordingly, the Court **ORDERS** as follows:

> 1. The Motions to Consolidate filed in Gaynor [**Doc. 62**], Goldberg, [**Doc. 62**], Hull [**Doc. 61**] are **GRANTED**. Because it is the first-filed of the two cases, it is **ORDERED** that Gaynor v. Miller, 3:15-cv-545 **SHALL SERVE** as the lead case for purposes of this consolidation, and all future filings shall *only* be made in Gaynor v. Miller, Case No. 3:15-CV-545;

---

[2] On November 2, 2016, Attorney Astley filed a Notice with the Court stating that counsel for Mr. Hannahs, Kenneth Shemin, has agreed to accept service on behalf of Mr. Hannahs. The Notice states that Plaintiffs Kenneth Gaynor and Marcia Goldberg withdraw their respective Motions for Order Deeming Defendant Gerald Hannahs Served. [Doc. 83].

3

2. Motions for appointment of lead counsel shall be filed on or before **November 8, 2016**;

3. The Joint Motions to Set Briefing Schedule and Postpone Responsive Pleading Deadline filed in <u>Gaynor</u> **[Doc. 74]** and <u>Goldberg</u> **[Doc. 74]** are **DENIED AS MOOT;**

4. The Joint Motion to Postpone Responsive Pleading Deadline filed in <u>Hull</u> **[Doc. 45]** is **DENIED AS MOOT;**

5. The Joint Motions to Postpone Rule 26(f) Report filed in <u>Gaynor</u> **[Doc. 78]**, <u>Goldberg</u> **[Doc. 78]**, and <u>Hull</u> **[Doc. 84]** are **GRANTED IN PART**. The Court will postpone the parties' Rule 26(f) Report but it may not be to the extent as requested in the Motions. The Court will reset the deadline following an order of lead counsel.

Accordingly, following the Court's decision on lead counsel, the Court will enter the deadlines with respect to the filing of the Master Consolidated Complaint and responses thereto, which will be consistent with the deadlines discussed at the hearing.

**IT IS SO ORDERED**.

ENTER:

<u>    s/ C. Clifford Shirley, Jr.  </u>
United States Magistrate Judge

4

Case 3:15-cv-00546-TAV-CCS   Document 82   Filed 11/07/16   Page 4 of 4   PageID #: 831